IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:19-cr-124(2) |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **Order Denying Without Prejudice** |
| Rickey Harmon, | : | **Motion for Compassionate Release** |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Rickey Harmon's pro se Motion for Compassionate Release; pro se Supplemental Memorandum Supporting Motion for Compassionate Release; Supplemental Memorandum Supporting Defendant's Pro Se Motion for Compassionate Release; and pro se Letter/Motion in Support of Compassionate Release. (Docs. 93, 101, 102, 105.) The Government responded in opposition. (Doc. 103.) For the reasons that follow, Harmon's Motion will be **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On October 23, 2019, Harmon and his co-defendants were charged in a multi-count Indictment, with five charges being asserted against Harmon. (Doc. 1.) On August 7, 2020, Harmon pled guilty to one count of conspiracy to possess with intent to distribute heroin, fentanyl, and methamphetamine, in violation of 21 U.S.C. § 846, as charged in Count 1; and one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), as charged in Count 12. (Doc. 43.)

Pursuant to the Statement of Facts to which he admitted, in 2019 law enforcement agencies began investigating Harmon's co-defendant, Louis Eubanks, for suspected drug trafficking. (*Id.* at PageID 105.) On August 26, 2019, officers executed a search warrant at

Eubanks' residence.  (*Id.*)  During the search, Eubanks fled out the bedroom window, leaving his girlfriend and other co-defendant, Brittany Jones, behind.  (*Id.*)  In the other bedroom, officers located Harmon, who also attempted to flee but was apprehended.  (*Id.*)  In the bedroom Eubanks and Jones were staying in, officers discovered 169.66 grams of a fentanyl/heroin mixture, 62.11 grams of fentanyl, 118.13 grams of methamphetamine, and 25.58 grams of cocaine, which were all packaged for distribution.  (*Id.*)  In the bedroom occupied by Harmon, officers located 8.98 grams of a heroin/fentanyl mixture, 4.75 grams of cocaine, digital scales, and United States currency.  (*Id.*)  Officers also discovered a SCCY 9 millimeter semi-automatic handgun, a Smith & Wesson AR-15 rifle, a Hi-Point 9 millimeter rifle, and a Hi-Point 9 millimeter semi-automatic handgun.  (*Id.*)

On September 14, 2021, the Court sentenced Harmon to 36 months of imprisonment on Count 1 and 60 months of imprisonment on Count 12, to be served consecutively.  (Doc. 87.) The Court also imposed a four-year period of supervised release.  (*Id.*)  Harmon is incarcerated at Gilmer FCI and has an expected release date of June 19, 2026.  FEDERAL BUREAU OF PRISONS, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed Mar. 1, 2022).

Harmon filed a pro se Motion for Compassionate Release on October 27, 2021, as well as a Supplemental Memorandum Supporting Motion for Compassionate Release on January 5, 2022.  (Docs. 93, 101.)  Harmon's counsel filed a Supplemental Memorandum on January 25, 2022, and Harmon filed a Letter/Motion in Support of Compassionate Release on February 23, 2022.  (Docs. 102, 105.)  The Government opposes Harmon's release.  (Doc. 103.)  This matter is now ripe for the Court's review.

## II.    STANDARD OF LAW

Harmon seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court

lacks authority to resentence a defendant, except as permitted by statute.  *United States v.*

*Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008).  The compassionate release provisions in 18

U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual

case in which the defendant's circumstances are so changed, such as by terminal illness, that it

would be inequitable to continue the confinement of the prisoner.'"  *United States v. Ebbers*, 432

F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)).  A defendant

seeking a sentence reduction bears the burden of proof.  *Id.* at 426; *United States v. Hill*, No.

5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020).  Section 3582(c) provides as

follows:

> The court may not modify a term of imprisonment once it has been imposed
> except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon
> motion of the defendant after the defendant has fully exhausted all administrative
> rights to appeal a failure of the Bureau of Prisons to bring a motion on the
> defendant's behalf or the lapse of 30 days from the receipt of such a request by
> the warden of the defendant's facility, whichever is earlier, may reduce the term
> of imprisonment (and may impose a term of probation or supervised release with
> or without conditions that does not exceed the unserved portion of the original
> term of imprisonment), after considering the factors set forth in [18 U.S.C.
> §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

If a defendant has exhausted administrative remedies, the district court must then (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)) (alteration in original). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* at 562. Nonetheless, the Sixth Circuit recently defined two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.*; *United States v. McKinnie*, 24 F.4th 583, 586–90 (6th Cir. Jan. 26, 2022), *petition for rehearing en banc filed*, (6th Cir. Feb. 1, 2022) (citing *Hunter*).[2]

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when

---

[1] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

[2] *But see United States v. Owens*, 996 F.3d 755, 763–64 (6th Cir. 2021); *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021), *petition for rehearing en banc filed* (Feb. 1, 2022).

determining if a reduction in sentence is appropriate.  *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).  Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of its weighing the § 3553(a) sentencing factors.  *See Hunter*, 12 F.4th at 564; *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021).  District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors.  *Jones*, 980 F.3d at 1113.

## III.  ANALYSIS

### A.  Exhaustion of Administrative Remedies

The Government argues Harmon's Motion should be denied without prejudice because he has failed to exhaust his administrative remedies.  Pursuant to 18 U.S.C. § 3582(c)(1)(A), the exhaustion requirement is satisfied if 30 days have lapsed from the warden's receipt of the defendant's request for release.  *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).  Section 3582(c)(1)(A)'s administrative exhaustion requirement—though not a jurisdictional requirement—is a mandatory claim-processing rule.  *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).  "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'"  *Id.* at 834 (quoting *Harmer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).  "Because 'Congress sets the rules' when it comes to statutory exhaustion requirements, the judiciary has a role to play in exception-crafting 'only if Congress wants [it] to.'"  *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)) (alteration in original).  According to the Sixth Circuit, "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."  *Id.*  The burden is on the defendant to show he has exhausted his administrative remedies.  *United States v. Pack*, No. 17-CR-20002-10, 2020 WL 5648581, at *2

(W.D. Tenn. Sept. 22, 2020). As the Government has properly invoked the exhaustion requirement, the Court must therefore enforce it.

The Court finds that Harmon is not eligible for compassionate release because he has not demonstrated that he has exhausted his administrative remedies. Harmon contends he exhausted his administrative remedies because he requested compassionate release from his warden on December 15, 2021. The "request" Harmon appears to be referring to was filed with the Court on January 5, 2022, and is the same document the Court has referred to herein as Harmon's pro se Supplemental Memorandum. (Doc. 101.) The pro se Supplemental Memorandum appears to be addressed to the Chief Administrative Officer of Gilmer FCI. According to the Government, Gilmer FCI has no records of receiving a request from Harmon relating to compassionate release, and it is therefore unclear whether Harmon transmitted his pro se Supplemental Request to the Court but not the Bureau of Prisons. Harmon has not resolved this ambiguity, and thus has failed to carry his burden demonstrating he exhausted his administrative remedies.

Further, even if Harmon established that his pro se Supplemental Memorandum is a request for compassionate release he submitted to his warden, his Motion must nevertheless be denied. Harmon's Motion was filed on October 27, 2021, and his pro se Supplemental Memorandum is dated December 15, 2021. As relevant here, by its plain language 18 U.S.C. § 3582(c)(1)(A) provides that a court may not consider a motion for compassionate release until "after . . . the lapse of 30 days from the receipt of [a compassionate] release request by the warden of the defendant's facility." The exhaustion requirement "imposes a requirement on prisoners *before* they may move on their own behalf." *Alam*, 960 F.3d at 833 (emphasis added); *see also United States v. Sullivan*, No. 2:18-CR-27(2), 2020 WL 5029572, at *2 (S.D. Ohio Aug. 25, 2020) (stating an inmate "must satisfy [the exhaustion requirements] before seeking a

compassionate release"); *United States v. Acosta*, No. 5:17-40-KKC-2, 2021 WL 5629223, at *1 (E.D. Ky. Nov. 30, 2021) (stating "a defendant must first submit a request for reduction in sentence to the [Bureau of Prisons]" before bringing a compassionate release motion before a district court pursuant to 18 U.S.C. § 3582(c)(1)(A)). Therefore, even assuming Harmon submitted his pro se Supplemental Memorandum to his warden, the Court must deny Harmon's Motion because it was filed before he requested compassionate release from his warden.

Because Harmon has failed to demonstrate he exhausted his administrative remedies, the Court need not address the other requirements for compassionate release at this time.

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that Harmon has failed to demonstrate he exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly, Harmon's pro se Motion for Compassionate Release, pro se Supplemental Memorandum Supporting Motion for Compassionate Release, Supplemental Memorandum Supporting Defendant's Pro Se Motion for Compassionate Release, and Letter/Motion in Support of Compassionate Release are **DENIED WITHOUT PREJUDICE**.[3] (Docs. 93, 101, 102, 105.)

**IT IS SO ORDERED**.

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[3] Harmon may refile his Motion for Compassionate Release once he can demonstrate exhaustion of his administrative remedies in accordance with 18 U.S.C. § 3582(c)(1)(A).