IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:19-cr-124(2) |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **Order Denying Motion for** |
| Rickey Harmon, | : | **Reconsideration of Motion for** |
| | : | **Compassionate Release** |
| Defendant. | : | |

This matter is before the Court on Defendant Rickey Harmon's pro se Motion for Reconsideration of Motion for Compassionate Release. (Doc. 110.) For the reasons that follow, Harmon's Motion will be **DENIED**.

**I.    BACKGROUND**

On October 23, 2019, Harmon and his co-defendants were charged in a multi-count Indictment, with five charges being asserted against Harmon. (Doc. 1.) On August 7, 2020, Harmon pled guilty to one count of conspiracy to possess with intent to distribute heroin, fentanyl, and methamphetamine, in violation of 21 U.S.C. § 846, as charged in Count 1; and one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), as charged in Count 12. (Doc. 43.)

Pursuant to the Statement of Facts to which he admitted, in 2019 law enforcement agencies began investigating Harmon's co-defendant, Louis Eubanks, for suspected drug trafficking. (*Id*. at PageID 105.) On August 26, 2019, officers executed a search warrant at Eubanks's residence. (*Id*.) During the search, Eubanks fled out the bedroom window, leaving his girlfriend and other co-defendant, Brittany Jones, behind. (*Id*.) In the other bedroom, officers located Harmon, who also attempted to flee but was apprehended. (*Id*.) In the bedroom

Eubanks and Jones were staying in, officers discovered 169.66 grams of a fentanyl/heroin mixture, 62.11 grams of fentanyl, 118.13 grams of methamphetamine, and 25.58 grams of cocaine, which were all packaged for distribution. (*Id*.) In the bedroom occupied by Harmon, officers located 8.98 grams of a heroin/fentanyl mixture, 4.75 grams of cocaine, digital scales, and United States currency. (*Id*.) Officers also discovered a SCCY 9 millimeter semi-automatic handgun, a Smith & Wesson AR-15 rifle, a Hi-Point 9 millimeter rifle, and a Hi-Point 9 millimeter semi-automatic handgun. (*Id*.)

On September 14, 2021, the Court sentenced Harmon to 36 months of imprisonment on Count 1 and 60 months of imprisonment on Count 12, to be served consecutively. (Doc. 87.) The Court also imposed a four-year period of supervised release. (*Id*.) Harmon is incarcerated at Gilmer FCI and has an expected release date of June 19, 2026. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed May 10, 2022).

Harmon filed a pro se Motion for Compassionate Release on October 27, 2021, as well as a Supplemental Memorandum Supporting Motion for Compassionate Release on January 5, 2022. (Docs. 93, 101.) Harmon's counsel filed a Supplemental Memorandum on January 25, 2022, and Harmon filed a Letter/Motion in Support of Compassionate Release on February 23, 2022. (Docs. 102, 105.) The Government filed a Response in Opposition on February 8, 2022. (Doc. 103.) On March 4, 2022, the Court issued an Order denying without prejudice Harmon's Motion for Compassionate Release, finding Harmon was not eligible for compassionate release because he failed to exhaust his administrative remedies. (Doc. 108.) Harmon then filed the instant Motion for Reconsideration on April 19, 2022. (Doc. 110.) Harmon's counsel and the Government have both filed briefs referring the Court to their previously filed memoranda. (Docs. 111, 112.)

## II. STANDARD OF LAW

Harmon seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking a sentence reduction bears the burden of proof. *Id*. at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Where, as here, a defendant has exhausted administrative remedies,[1] the district court must then (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a).  *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[2]  "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'"  *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)) (alteration in original).  Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons.  *Id*. at 562.  Nonetheless, the Sixth Circuit recently defined two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction.  Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id*.; *United States v. McKinnie*, 24 F.4th 583, 586–90 (6th Cir. Jan. 26, 2022) (citing *Hunter*).[3]

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence

---

[1] The Court denied Harmon's Motion for Compassionate Release because he failed to exhaust his administrative remedies.  (Doc. 108.)  In moving for reconsideration of the Court's prior Order, Harmon now contends he filed a request for compassionate release with his warden on March 7, 2022, which his was denied on March 25, 2022. (Doc. 110-1 at PageID 781–83.)  Harmon filed the instant Motion for Reconsideration on April 19, 2022, more than 30 days after requesting release from his warden.  As such, Harmon now has exhausted his administrative remedies.

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates.  980 F.3d at 1109, 1111.  Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13.  *Id*. at 1111; *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

[3] *But see United States v. Owens*, 996 F.3d 755, 763–64 (6th Cir. 2021); *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021), *rehearing en banc granted, vacated*, No. 21-3400 (6th Cir. April 1, 2022).

disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of its weighing the § 3553(a) sentencing factors. *See Hunter*, 12 F.4th at 564; *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

#### A. Extraordinary and Compelling Reason

Harmon contends his medical conditions present an extraordinary and compelling reason supporting his compassionate release. He is forty-five years old and claims to suffer from high blood pressure, heart disease, sickle cell trait, and diabetes, as well as being obese, and that these medical conditions place him at risk of severe illness if he contracts COVID-19. "During the COVID-19 pandemic, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his [or her] prison facility." *United States v. Whitmire*, No. 1:17-cr-34, 2021 WL 3883748, at *3 (S.D. Ohio Aug. 31, 2021) (quoting *United States v. Provost*, 474 F. Supp. 3d 819, 825 (E.D. Va. 2020)) (alteration in original). "Generalized fears of contracting COVID-19, without more, do not constitute a compelling reason." *United States v. Bothra*, 838 F. App'x 184, 185 (6th Cir. 2021).

The Court finds Harmon has failed to demonstrate an extraordinary and compelling reason warranting compassionate release. The Government provided Harmon's medical records,

which confirm he suffers from Type 2 diabetes, hypertension, sciatica, and obesity. (Doc. 103-1 at PageID 652–53, 657, 680.) Harmon is correct that the Centers for Disease Control and Prevention ("CDC") has indicated that individuals suffering from diabetes, hypertension, and obesity are at a higher risk of severe illness if they contract COVID-19. CDC, COVID-19, "Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed May 10, 2022). However, Harmon received the Johnson & Johnson/Janssen COVID-19 vaccine in 2021, and received the Pfizer-BioNTech COVID-19 vaccine on January 21, 2022. (Doc. 103-1 at PageID 695.) "Once an inmate is vaccinated against COVID-19, there is little-to-no risk of contracting severe COVID-19 and thus no extraordinary and compelling reason to justify compassionate release." *United States v. Ho*, No. 1:17-cr-0057, 2021 WL 4440189, at *4 (S.D. Ohio Sept. 28, 2021); *see also United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) ("[The defendant] initially rejected the COVID-19 vaccine but has since received at least one dose, so he cannot demonstrate that his COVID-19 risk is an 'extraordinary and compelling' justification for compassionate release."); *United States v. Shade*, No. 2:19-cr-88, 2021 WL 2069759, at *2 (S.D. Ohio May 24, 2021) ("[The defendant] is now fully vaccinated. Accordingly, the Court finds that the Coronavirus Pandemic is not an extraordinary and compelling reason for [the defendant's] release.").

The current conditions in Harmon's facility provide further support for the conclusion that there is not an extraordinary and compelling reason warranting his release. At FCI Gilmer, 200 staff and 1,451 inmates have been vaccinated against COVID-19.[4] *See* Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed May 10,

---

[4] FCI Gilmer has an inmate population of 1,623. *See* Federal Bureau of Prisons, "FCI Gilmer," https://www.bop.gov/locations/institutions/gil/ (last accessed May 10, 2022).

2022). FCI Gilmer currently has zero inmates and zero staff who have tested positive for COVID-19, as well as 303 inmates and 138 staff who have recovered from COVID-19. One inmate and zero staff deaths have been reported at the facility. *See* Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed May 10, 2022). Thus, the COVID-19 pandemic appears to be well-managed at his facility.

For these reasons, compassionate release is not warranted. Although Harmon has established he suffers from certain medical conditions which increase his risk of severe illness if he contracts COVID-19, he is vaccinated against COVID-19 and a significant portion of the inmate population at FCI Gilmer likewise has been vaccinated. There is no justification that COVID-19 presents a serious risk to Harmon at this time. Accordingly, the Court finds that no extraordinary and compelling reason exists for his release.[5]

## IV. CONCLUSION

For the reasons stated herein, Harmon's Motion for Reconsideration of Motion for Compassionate Release (Doc. 110) is **DENIED**.

**IT IS SO ORDERED**.

                                                          S/Susan J. Dlott
                                                          Susan J. Dlott
                                                          United States District Judge

---

[5] As Harmon has failed to demonstrate an extraordinary and compelling reason for his release, the Court need not consider the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").