IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 1:19-cr-124
                                          Also Case No. 1:22-cv-00415

                                          District Judge Susan J. Dlott
- vs -                                Magistrate Judge Michael R. Merz

RICKEY HARMON

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Harmon's Motion Letter in which he seeks release from his conviction and sentence on the basis of misconduct of an FBI agent in another case (ECF No. 120). The United States has construed the Motion Letter as a Motion to Vacate under 28 U.S.C. § 2255 and has filed a Response in Opposition (ECF No. 121).

Harmon has previously filed a document captioned as a Motion to Vacate under 28 U.S.C. § 2255. Had that previous filing been a genuine § 2255 motion, the Court would be without jurisdiction to consider the instant motion without permission from the circuit court of appeals. 28 U.S.C. § 2255(h). However, the Court determined that the prior motion did not seek relief of the sort available under § 2255, but construed it as a motion for appointment of counsel (ECF No. 118). Thus the instant Motion is in fact Harmon's first motion seeking relief under § 2255.

1

Although the Court has jurisdiction to decide the Motion, it should exercise that jurisdiction to deny relief for the two reasons raised by the United States.

First of all, the Motion is untimely.  A motion under § 2255 is subject to a one-year statute of limitations usually running from the date a conviction become final.  28 U.S.C. § 2255(f)(1).  Harmon's conviction became final fourteen days after judgment was entered on September 20, 2021, or on October 4, 2021.  The statute of limitations expired one year later on October 4, 2022.  The instant Motion was not filed until September 7, 2023, and is thus time-barred.

Secondly, Harmon procedurally defaulted this claim by not raising it on direct appeal.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Defendant's Motion Letter, construed as a motion to vacate under 28 U.S.C. § 2255, be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 18, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
