IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:19-cr-124(2) |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion Letter |
| Rickey Harmon, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on a *pro se* Motion Letter filed by Defendant Rickey Harmon challenging two aspects of incarceration. (Doc. 138.) For the reasons below, the Court will **DENY** his Motion Letter.

I.     PROCEDURAL POSTURE

On August 7, 2020, Harmon pleaded guilty to two counts of an Indictment:

Count 1—conspiracy to possess with intent to distribute narcotics and to distribute narcotics; and

Count 12—possession of a firearm in furtherance of a drug trafficking offense.

(Doc. 87 at PageID 544–545.) On September 14, 2021, the Court sentenced him to a term of imprisonment of 36 months on Count 1 and 60 months on Count 12, to be served consecutively, followed by a 4-year term of supervised release. (*Id.* at PageID 546–547.) Then, on February 27, 2025, the Court issued an Amended Order reducing Harmon's term of imprisonment to 30 months on Count 1 and reducing his total term of imprisonment to 90 months. (Doc. 127-1 at PageID 891–892.)

Harmon is serving his term of imprisonment at FCI Forrest City, a medium security level prison in Arkansas, and he has an estimated release date of March 10, 2026. Federal Bureau of

Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc// (last accessed 8/25/2025). He now has filed the pending Motion Letter challenging two calculations or decisions made by the Bureau of Prison ("BOP") regarding his term of incarceration. (Doc. 138.) The Government has filed a Response in Opposition. (Doc. 139.)

**II.    ANALYSIS**

Harmon challenges two aspects of his current prison sentence. First, he asserts that the BOP wrongly characterized his six-month sentence reduction as a good time credit, which led to a miscalculation of the time he has left to serve. (*Id.* at PageID 910.) Second, he asserts that he is qualified for placement in a residential reentry center, commonly known as a halfway house, under 18 U.S.C. 3621(b) and the Second Chance Act of 2007, 18 U.S.C. § 3624(c).

The Court cannot grant Harmon the relief he seeks. The Attorney General, through the BOP, is responsible to administer prison sentences. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP designates the place of imprisonment. 28 U.S.C. § 3621(b). A defendant can seek judicial review of BOP decisions only after exhausting administrative remedies by filing a 28 U.S.C. § 2241 habeas corpus petition. *See Wilson*, 503 U.S. at 335; *Byrd v. Fed. Bur. of Prisons*, No. 21-5911, 2022 WL 898772, at *2 (6th Cir. Feb. 28, 2022). District courts can review a sentencing computation if a defendant has cognizable constitutional claims or if the agency's interpretation of a statute is contrary to well-settled case law. *Davis v. Beeler*, 966 F. Supp. 482, 489 (E.D. Ky. 1997). However, the § 2241 petition must be filed in the federal district in which the defendant is incarcerated. *Anderson v. Warden*, 48 F. App'x 118, 119 (6th Cir. 2002); *Rizk v. Garland*, No. 1:22 CV 615, 2022 WL 2717043, at *2 (N.D. Ohio July 13, 2022).

Here, Harmon's Letter Motion fails on two grounds even if the Court treats it as a § 2241

2

petition. First, this Court lacks jurisdiction. Harmon is incarcerated at FCI Forrest City, so jurisdiction for his § 2241 petition lies only in the Eastern District of Arkansas. *See Anderson*, 48 F. App'x at 119. Second, even if the Court had jurisdiction, Harmon has not asserted or provided evidence that he exhausted his administrative remedies as required. *See Bryd*, 2022 WL 898772, at *2. The Court must deny the Motion Letter.

### III. CONCLUSION

For the reasons stated above, Harmon's Motion Letter (Doc. 138) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

3